IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                      ORDER

           v.                           03-cr-52-bbc-01

TIMOTHY D. CIPRA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Timothy D. Cipra's supervised release was held on April 7, 2009, before United States District Judge Barbara B. Crabb.  The government appeared by Assistant United States Attorney Robert A. Anderson. Defendant was present in person and by counsel, Michael W. Lieberman.  Also present was United States Probation Officer Michael J. Nolan.

      From the record and defendant's stipulation, I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on August 27, 2003, following his conviction for the manufacture of 50 or more marijuana plants, in violation of 21 U.S.C. §841(a)(1).  This offense is a Class B felony.  Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 15 months, with a 72-month term of supervised release to follow.

      Defendant began his first term of supervised release on July 29, 2004.  Defendant's

supervised release was revoked on January 18, 2007, because he used illegal drugs.  He was sentenced to 10 months' custody, with a three-year term of supervised release to follow.

Defendant began his current term of supervised release on November 29, 2007.  On October 15, 2008, after defendant's use of drugs and alcohol, U.S. District Judge James T. Moody modified defendant's conditions to include Special Condition No. 5, requiring him to reside at a federally-approved residential re-entry center for up to 120 days and successfully complete substance abuse treatment.  On January 29, 2009, defendant violated this condition when he was unsuccessfully terminated from the Fahrman Center before completing the program.

Defendant's conduct falls into the category of a Grade C  violation.  In addressing such violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violation warrants revocation.  Accordingly, the three-year term of supervised release imposed on defendant on January 18, 2007, will be revoked.

Defendant's criminal history category is II.  With a Grade C violation, defendant has an advisory guideline term of imprisonment of 4 to 10 months. Pursuant to 18 U.S.C. § 3583(e)(3), the statutory maximum sentence of imprisonment upon revocation is 26 months because the original offense was a Class B felony and defendant has served a ten-month revocation sentence previously.

18 U.S.C. § 3583(h) authorizes another term of supervised release if  defendant has

2

not been sentenced to the statutory maximum term of imprisonment.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range.  The intent of this sentence is to hold defendant accountable for his violation.


ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on January 18, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of two months.  No supervised release shall follow.

Defendant is neither a flight risk nor a danger to the community.  Accordingly, it is ordered that defendant is to report to an institution to be designated by further court order, between the hours of 10:00 a.m. and noon on April 29, 2009.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 7th day of April 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge

3